UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH ARUANNO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STEVEN JOHNSON, et al.,<br><br>　　　　　Defendants. | Civ. No. 2:14-cv-01954 (WJM)<br><br>OPINION |

**THIS MATTER** comes before the Court on the Court's 28 U.S.C. § 1915 review of *pro se* Plaintiff Joseph Aruanno's Amended Complaint. Plaintiff has also moved for recusal of the undersigned. For the below reasons, Plaintiff's motion for recusal is **DENIED**, and the Amended Complaint is **DISMISSED** with prejudice.

## I. BACKGROUND

In March 2014, Plaintiff, who is civilly committed to a Special Treatment Unit ("STU") under the New Jersey Sexually Violent Predator Act, filed this 42 U.S.C. § 1983 action against Steven Johnson, Superintendent of the STU, and Gary Lanigan, Commissioner of the New Jersey Department of Corrections. ECF No. 1. The gravamen of Plaintiff's Complaint is that Defendants failed to protect him from assault by another inmate, J.Z. *Id.*

In April 2014, this Court issued an Opinion granting Plaintiff's motion to proceed *in forma pauperis*, but dismissing the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). ECF No. 2. The Court held that Plaintiff's claim that Defendants failed to protect him from the assault did not rise to the level of a constitutional violation, but permitted Plaintiff to file an Amended Complaint within 30 days. *Id.*

Plaintiff filed an Amended Complaint, ECF No. 4, and the case was reopened so the Court could screen the Amended Complaint under § 1915(e), ECF No. 6. Plaintiff has also moved for the undersigned to recuse Himself from this action, arguing that there has been undue delay in deciding this case, and that the Court erred in ruling against him in this case and a series of other cases. ECF No. 8.

## II. DISCUSSION

### A. The Amended Complaint Must be Dismissed Under § 1915(e)

District courts must review complaints in civil actions in which a person is proceeding *in forma pauperis* and to *sua sponte* dismiss any claim that, *inter alia*, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).

Because the Amended Complaint fails to cure any of the deficiencies in the original Complaint – namely, it does not contain sufficient factual matter to show that Plaintiff's claim is facially plausible – it must be dismissed for the same reasons set forth in the Court's April 14, 2014 Opinion. The additional facts provided by Plaintiff do not change the Court's previous ruling that Plaintiff has failed to state a claim under § 1983. For example, in his Amended Complaint, Plaintiff has now clarified that he informed Defendant Lanigan that JZ had threatened him, and Lanigan had verbally stated that he "would look into it," but that "nothing came of it." Am. Compl. at 3. But as the Court previously explained in its previous Opinion, even if Plaintiff did inform "defendants prior to the assault that J.Z. posed a threat to [his] safety, the due process claim nevertheless fails because, on the facts alleged by [Plaintiff[, defendants' failure to protect him from the assault at most constituted negligence, which is not actionable under § 1983." ECF doc. 2 at 6.

Plaintiff further states in his Amended Complaint that Defendant Johnson should have engaged in "conflict de-escalation," such as moving JZ or placing JZ in a county jail. But, as this Court previously explained, the Constitution requires the State to provide involuntarily committed developmentally disabled patients with such services as are necessary to ensure their reasonable safety. *Id*. at 4 (citing *Youngberg v. Romeo*, 457 U.S. 307, 314-25 (1982)). In determining what is "reasonable," courts must show deference to the judgment exercised by a qualified professional. *Youngberg*, 457 U.S. at 322. Plaintiff's apparent dissatisfaction with Defendant's professional decision in this instance, without any additional facts, is insufficient to warrant relief.

The Court finds that Plaintiff's claims against Defendants fail, and that the Amended Complaint must be **DISMISSED** with prejudice.

### B. Recusal is Not Warranted

A party may move for a judge's recusal under either 28 U.S.C. § 455 or 28 U.S.C. § 144. "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably

2

be questioned." *In re Kensington,* 353 F.3d 211, 220 (3d Cir. 2003). Recusal motions pursuant to § 144 must include an affidavit stating material facts with particularity which, if true, would lead a reasonable person to conclude that the District Court harbored a special bias or prejudice toward the defendant. *United States v. Rashid,* 593 F. App'x 132, 134–35 (3d Cir. 2014). Because Plaintiff does not indicate which provision he is invoking, the Court will analyze his motion under both sections.

The motion fails under § 455 because the Court's impartiality has not been "reasonably questioned." *In re Kensington*, 353 F.3d at 220. In the main, Plaintiff argues that this Court erred in dismissing his claims in this case and in other cases. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . Almost invariably, they are proper grounds for appeal, not for recusal." *United States v. Wecht*, 484 F.3d 194, 218 (3d Cir. 2007) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). In any case, due to the dearth of factual allegations in both the Complaint and Amended Complaint, the Court is satisfied that a reasonable person would not be concerned about the Court's impartiality in dismissing this action.

Plaintiff also points out this Court's delay in resolving this case and other cases Plaintiff has filed. But matters of docket control generally are within the district court's discretion, *see In re Fine Paper Antitrust Litig.,* 685 F.2d 810, 817 (3d Cir. 1982), and Plaintiff has alleged nothing suggesting that this delay gives rise to the appearance of bias or partiality. Moreover, Plaintiff has filed more than 39 civil actions in this Court, and 45 appeals in the United States Court of Appeals for the Third Circuit. As the Third Circuit has noted, where a litigant's "numerous and often frivolous filings have made significant and often unwarranted demands on the District Court," if he "truly desires an expeditious ruling on the merits of his claims, he would be well served not to continue to burden the judiciary's limited resources with unnecessary motions practice." *In re Prall*, 445 F. App'x 583, 586 (3d Cir. 2011).

Finally, as to §144, even overlooking the fact that Plaintiff has failed to submit a certified or notarized affidavit, the sufficiency of his submission is substantively lacking. Plaintiff conclusorily states that this Court is "biased against [him] as [this Court] is partial for the state actors/criminals," but does not describe any particular facts to support this conclusion. This bald assertion is insufficient to warrant recusal under § 144. *Smith v. Vidonish*, 210 F. App'x 152, 155 (3d Cir. 2006) ("[S]ection 144 requires a 'sufficient' affidavit, and conclusory statements need not be credited"). Because Plaintiff's allegations are inadequate under either § 455 or § 144, his motion to recuse is **DENIED**. An appropriate Order follows.

                                                    /s/ William J. Martini
                                            **WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 3, 2016**