UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSEPH ARUANNO,** | Civ. No. 14-1954 (WJM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION & ORDER** |
| **STEVEN JOHNSON, et al.,** | |
| Defendants. | |

This matter comes before the Court on *pro se* Plaintiff Joseph Aruanno's motion for appointment of *pro bono* counsel. For the reasons stated below, the Court will **DENY** the motion.

Plaintiff, who is civilly committed to a Special Treatment Unit ("STU") under the New Jersey Sexually Violent Predator Act, brings this action against Steven Johnson, Superintendent of the STU where he is presently housed, and Gary Lanigan, the Commissioner of the New Jersey Department of Corrections (collectively, "Defendants"). ECF No. 4. In his Amended Complaint, Plaintiff alleges that Defendants failed to protect him from assault by another inmate, J.Z. *Id*.

In November 2016, this Court dismissed Plaintiff's Amended Complaint with prejudice. ECF No. 9. Plaintiff, proceeding *pro se*, appealed that decision to the Third Circuit, which vacated and remanded this Court's judgment. ECF No. 15. The Third Circuit concluded that Plaintiff had plausibly stated a claim for relief. ECF No. 17. However, the Third Circuit further held that this Court did not abuse its discretion in declining to appoint counsel or a legal guardian on Plaintiff's behalf. *Id*. Plaintiff now moves for appointment of counsel. ECF No. 16.

Section 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts have "broad discretion" to decide whether appointing counsel is appropriate and may appoint counsel *sua sponte* at any point in the litigation. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). In exercising its discretion, the Court must first assess whether a given case or defense has merit. *Tabron*, 6 F.3d. at 155. If the case has merit, the Court must next weigh specific factors, including:

(1) the litigant's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the litigant to pursue that investigation; (4) the litigant's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Id.* at 155-57. The list is non-exhaustive, and the Court may consider other facts or factors it determines are important or helpful. *Montgomery*, 294 F.3d at 499.

This Court assumes without deciding that Plaintiff's claims have "some merit in fact or law." *Tabron*, 6 F.3d at 155. However, the *Tabron* factors do not currently weigh in favor of appointing *pro bono* counsel. First, Plaintiff appears to be fully capable of presenting his own case at this stage of the litigation. Most recently, the Third Circuit determined that Plaintiff's Amended Complaint plausibly stated a claim for relief. ECF No. 17. Moreover, in his motion for appointment of counsel, Plaintiff cogently explains the reasons his case was remanded, and demonstrates an understanding of the legal standard for appointment of *pro bono* counsel. ECF No. 16. The Third Circuit has also previously rejected Plaintiff's contention that the Americans with Disabilities Act requires this Court to appoint a guardian or an attorney for him. *Aruanno v. Caldwell*, 637 F. App'x 675, 677 n. 2 (3d Cir. 2016).

Second, Plaintiff asserts that he is unable to litigate his claims "fairly and properly." But the Court is familiar with § 1983 actions and the claims in this case do not appear to raise any unique legal issues. Third, no expert testimony appears to be necessary. Fourth, Plaintiff has not established at this time that his claims will require extensive factual investigation beyond his abilities. Mindful of the practical restraints on the Court's ability to appoint counsel, this Court finds that it is inappropriate to appoint counsel at this time.

Thus, for the above reasons and for good cause shown;

**IT IS** on this 1st day of May 2017, hereby,

**ORDERED** that Plaintiff's application for *pro bono* counsel is **DENIED**. Plaintiff may renew his application for counsel if future proceedings increase his need for legal assistance. The Court may also *sua sponte* renew Plaintiff's application in the future at any time it deems appropriate. It is further

**ORDERED** that, it appearing that the Complaint has not yet been served on the Defendants in this action, the United States Marshals Service is hereby directed to serve Plaintiff's Amended Complaint on the Defendants within 30 days of this Order.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**