UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH ARUANNO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STEVEN JOHNSON, *et al.*,<br><br>　　　　Defendants. | Civ. No. 2:14-1954 (WJM)<br><br>**MEMORANDUM<br>OPINION & ORDER** |

**WILLIAM J. MARTINI, U.S.D.J.:**

 Before the Court is Plaintiff Joseph Aruanno's renewed motion for recusal of the undersigned and letters requesting appointment of *pro bono* counsel. ECF Nos. 20, 27, 28. Plaintiff asks the undersigned to recuse Himself "from this case, and all [Plaintiff's] cases now!" Mot. for Recusal 5, ECF No. 20. Specifically, Plaintiff lobs accusations that the undersigned's dismissals of Plaintiff's cases "had no merits, or were frivolous, . . . [and now] it is time to stop this charade and step off [his] case!" *Id.* at 1. In all, Plaintiff perpetuates a continuing tale of the undersigned demonstrating personal bias and now claims that without counsel he is unable to complete the required United States Marshal's forms to effectuate service of his amended complaint.

 The bottom line is that Plaintiff's recusal motion lacks merit. As noted in the Court's prior Opinion, *see* ECF No. 9, Plaintiff has failed to include a sufficient affidavit stating material facts with particularity which, if true, would lead a reasonable person to conclude the Court harbored a special bias or prejudice towards him. *See United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973) (citing 28 U.S.C. § 144). And even if the Court overlooked the requirement to submit a certified affidavit of bias, the record lacks evidence showing "a reasonable person, with knowledge of all the facts, would conclude that the [undersigned]'s impartiality might reasonably be questioned." *In re Kensington*, 353 F.3d 211, 220 (3d Cir. 2003) (citing *Edelstein v. Wilentz*, 812 F.2d 128 (3d Cir. 1987); 28 U.S.C. § 455(a)).

 Next, Plaintiff has failed to show that without counsel he is unable to complete the United States Marshal's Form 285 to effectuate service of his amended complaint. Instead, he expects the Court to take his word that he never received the forms and is unable to locate Defendants. *See* Pl.'s Letters to Ct., ECF Nos. 27, 28, 30. The record reflects, however, on several different dates, the Clerk's Office mailed Plaintiff the

1

requisite forms. *See* ECF Nos. 19, 25, 26, 29. And Plaintiff has yet to provide proof he followed the Clerk's instructions to effectuate service of process.

For the foregoing reasons;

**IT IS** on this 4th day of June 2018, hereby,

**ORDERED** that Plaintiff's motion for recusal is **DENIED**; and it is further

**ORDERED** that Plaintiff's application for *pro bono* counsel is **DENIED**.

  */s/William J. Martini*
  **WILLIAM J. MARTINI, U.S.D.J.**