# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSEPH ARUANNO,**<br><br>Plaintiff,<br><br>v.<br><br>**STEVEN JOHNSON,** *et al.*,<br><br>Defendants. | Civ. No. 2:14-1954 (WJM)<br><br>**OPINION** |

## WILLIAM J. MARTINI, U.S.D.J.:

Plaintiff Joseph Aruanno brings this 42 U.S.C. § 1983 civil rights action pro se alleging that Defendants failed to protect him from an assault by another resident. Plaintiff moves for summary judgment. Pl.'s Mot., ECF Nos. 73, 74.[1] Plaintiff also requests oral argument. For the reasons that follow, the motion is **DENIED** in its entirety.

### I.   BACKGROUND

Plaintiff Aruanno is a civilly committed detainee under New Jersey's Sexually Violent Predator Act, N.J. Stat. Ann. § 30:4-27.24 and is housed at the Special Treatment Unit ("STU"). Compl. 3-4, ECF No. 1; Am. Compl. 1, ECF 4. Aruanno filed a complaint against Steven Johnson, Superintendent of the STU and Gary Lanigan, Commissioner of the New Jersey Department of Corrections, alleging that Defendants failed to protect him from an assault by another resident. Compl. 4-6. Aruanno seeks damages and injunctive relief. *Id.* 7.

### II.   LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In its review, the Court considers all evidence and inferences drawn

---

[1]   ECF Nos. 73 and 74 are copies of the same document.

therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

## III. DISCUSSION

Plaintiff has not shown that there is no genuine dispute as to any material fact or that he is entitled to judgment as a matter of law. Although stylized as a motion for summary judgment and punctuated with a request that the Court grant his summary judgment motion, Plaintiff's motion does not provide any legal or factual basis to support his claims and does not comply with court rules. *See, e.g.*, L. Civ. R. 56.1. Rather, Plaintiff's motion discusses ongoing discovery disputes. Pl.'s Mot. 1-3. In his reply letter, Aruanno states that Defendants' refusal to "comply with discovery . . . is the focus of [his] motion." Pl.'s Reply 2, ECF No. 78. A motion for summary judgment is an improper vehicle with which to raise discovery issues.[2]

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment and request for oral argument, ECF Nos. 73, 74, are **DENIED** without prejudice.

Date: November 19, 2019

WILLIAM J. MARTINI, U.S.D.J.

---

[2] Discovery is governed by Federal Rules of Civil Procedure 26-37, to which Plaintiff is directed.