UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSEPH ARUANNO,**<br><br>  Plaintiff,<br><br>v.<br><br>**STEVEN JOHNSON and GARY LANIGAN,**<br><br>  Defendants. | Civ. No. 2:14-1954-WJM-MF<br><br>**OPINION** |

**F**ALK**, U.S.M.J.:**

This matter comes before the Court on Defendants Steven Johnson and Gary Lanigan's motion to compel discovery (CM/ECF No. 87) and informal application seeking an order providing for the deposition of Plaintiff.[1] The motion is decided on the papers. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion and application are **granted**.

---

[1] Plaintiff did not submit timely opposition to the motion to compel. He did file a letter dated March 30, 2020, (CM/ECF No. 91) which appears to respond to a letter submitted by Defendants dated March 11, 2020. (CM/ECF No. 90.) In any case, the Court will construe Plaintiff's letter as opposition to the motion to the extent Plaintiff states that he will refuse to identify the name of the alleged perpetrator of the assault, as requested by Defendants in discovery, until this Court "act[s] on [his] PETITION FOR A TRO. . . ." (CM/ECF No. 91) (emphasis in original). For the same reason, and out of an abundance of caution, the Court will also construe Plaintiff's letter as an objection to his deposition by Defendants. (Id.)

I.  **BACKGROUND**

This is a civil rights case.  *Pro se* Plaintiff Joseph Aruanno ("Plaintiff") is a civilly committed detainee under the New Jersey Sexually Violent Predator Act, N.J. Stat. Ann. § 30:4-27.24 *et seq.*, and is housed at the Special Treatment Unit ("STU").  Plaintiff filed this 42 U.S.C. § 1983 action against Steven Johnson, then Superintendent of the STU, and Gary Lanigan, then Commissioner of the New Jersey Department of Corrections (collectively "Defendants") alleging violations of 42 U.S.C. § 1983.  The crux of Plaintiff's civil rights claim is that Defendants failed to protect him from assault by another STU resident, J.Z. ("J.Z."). (Compl. at 3–6; Am. Compl. at 1.)[2]  Plaintiff seeks damages and injunctive relief.

On December 11, 2018, Defendants served their first Requests for Production of Documents ("RPD") and first set of Interrogatories on Plaintiff.  (See Declaration of Michael Vomacka, Esq. ("Vonacka Decl.") at ¶¶ 4 and 5.)  After the time by which to provide answers had expired, Defendants sent Plaintiff a letter requesting an immediate response, attaching an additional copy of the discovery demands with the letter.  (Id. ¶ 7.)  Upon receipt of a letter from Defendants advising of Plaintiff's continued failure to answer its discovery demands, the Court entered an Order on February 21, 2019,

---

[2] The Court refers to the allegations in the original Complaint and the Amended Complaint given Plaintiff's *pro se* status and Plaintiff's references to his original allegations in the Amended Complaint. *See* ECF Nos. 1, 4.

directing Plaintiff to provide responses by March 21, 2019, and cautioned that "failure to provide discovery may justify dismissing the action." (CM/ECF No. 59.)

### *(i) Plaintiff's original responses*.

On March 21, 2019, Defendants received Plaintiff's responses. (Vonacka Decl. ¶ 10.) According to Defendants, Plaintiff's answers were completely insufficient.

For instance, Defendants' RPD No. 3 asked for tort claims notices Plaintiff filed in relation to the allegations in the Complaint. Plaintiff responded: "see attached." However, Plaintiff did not attach any documents. (Vonacka Decl. ¶ 11.)

Plaintiff's answers to Defendants' Interrogatories were likewise deficient and provided conflicting information. By way of example, Interrogatory No. 1 asked Plaintiff to identify each person with actual or constructive knowledge about the allegations in the Complaint. Plaintiff identified only Defendants Johnson and Lanigan in response. His answer to Interrogatory No. 2, however, suggests that there are other persons with knowledge. Plaintiff provided the following response to Interrogatory No. 2 which asked him to identify any witness he expects to call at trial: "they will come forward when the court acts on the injunctive relief, or T.R.O., to ensure the safety from J.Z. and other Defendants." (Vonacka Decl. ¶ 13.)

Interrogatory No. 3 asked Plaintiff to identify the full name of "J.Z.", the individual Plaintiff claims assaulted him. Instead of providing a substantive answer, Plaintiff responded that J.Z.'s true identify would "be revealed when the court acts

on the injunctive relief, or TRO, to ensure Plaintiff's safety and/or prevent any further assaults. . . ." (Vonacka Decl. ¶ 12.)

### (ii) *Defendants' attempts to confer with Plaintiff*.

On June 11, 2019, Defendants wrote a letter to Plaintiff raising all the perceived deficiencies of Plaintiff's answers, again attaching a copy of the discovery requests to the letter, and asking that Plaintiff provide more specific responses. (Vonacka Decl. ¶ 11.) Having received no response to their June 11 letter, Defendants sent another letter to Plaintiff on July 15, 2019, requesting answers to their discovery and again attaching the discovery demands to the letter. (Id. ¶ 12.) The same day, Defendants also submitted a letter to the Court advising of Plaintiff's failure to provide more specific answers to their discovery. Two days later, the Court entered an Order directing Defendants to re-serve their deficiency letters and directing Plaintiff to provide supplemental answers no later than September 1, 2019. (Id. ¶13.)

### (iii) *Plaintiff's failure to provide more comprehensive responses*.

On August 25, 2019, Plaintiff responded for a second time to Defendants discovery demands. The responses to Defendants' requests were virtually identical to his first set of answers. Moreover, Plaintiff left several responses to Defendants RPDs blank. (Vonacka Decl. ¶17.) Defendants again sent a letter to Plaintiff outlining the alleged deficiencies in his responses. Having received no response, Defendants requested permission to file the instant motion to compel. On

4

November 12, 2019, the Court granted Defendants leave to move and Defendants filed the instant motion.

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 26 provides the general framework for discovery in federal civil litigation. Rule 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Rule 37 provides the mechanism to compel discovery from a person or party who refuses to provide discovery. The party moving to compel discovery under Rule 37 bears the initial burden of proving the relevance of the material requested. See Caver v. City of Trenton, 192 F.R.D. 154, 159 (D.N.J. 2000). If the movant meets this initial burden, the burden shifts to the person resisting discovery to establish that discovery of the material requested is inappropriate. Momah v. Albert Einstein Med. Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996) (citation omitted). The person resisting discovery must explain with specificity why discovery is inappropriate; the boilerplate litany that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient. See Josephs v. Harris Corp., 677 F.2d 985, 991-92 (3d Cir. 1982).

### III.    MOTION TO COMPEL AND APPLICATION FOR DEPOSITION

Defendants now move to compel Plaintiff to provide responsive answers to their discovery demands.[3]  Defendants point out that Plaintiff has failed to provide fulsome responses, and in some instances provided no responses at all, to their discovery despite their repeated attempts to resolve the matter without the Court's intervention.  Because they have not received adequate responses, Defendants contend that they will be unfairly prejudiced because any deposition of Plaintiff will be without the benefit of discovery.  Defendants maintain that this is particularly true given that they still do not know the identity of J.Z., the alleged assailant, nor any of the alleged witnesses to the assault.  Defendants emphasize that they are unable to assess whether witnesses need to be interviewed and investigated because Defendants lack knowledge of their identities.  Noting that Plaintiff has not advanced any substantive opposition to its motion, Defendants seek an Order requiring that Plaintiff provide full and complete answers to the above-referenced Interrogatories and the RPDs.

Defendants also seek an Order providing for the deposition of Plaintiff at the STU.  (CM/ECF No. 88.)  Plaintiff objects to his deposition until "the counsel issue" is resolved.  (CM/ECF No. 91.)

---

[3] As part of their motion, Defendants also seek an extension of discovery which was set to close on January 3, 2020.  Defendants requested leave to move and filed this motion to compel before the discovery end date.

6

## IV. DISCUSSION

Defendants are entitled to the relief they seek. See Fed. R. Civ. P. 37. Plaintiff has not opposed the motion other than to state that he will not provide the information requested until the Court "act[s] on his PETITION FOR A TRO." (CM/ECF No. 91) (emphasis in original). Plaintiff's purported opposition is meritless. The overall conduct of discovery is highly discretionary. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Defendants are entitled to the information requested in order to prepare a defense in this case. Specifically, Plaintiff should identify the full name of "J.Z.", the alleged perpetrator of the Plaintiff's assault. He should also produce the responsive documents he indicated he possess or attached, but failed to provide, or state that he lacks possession, custody or control of the documents demanded. Finally, Plaintiff should identify all witnesses with actual or constructive knowledge of the allegations in Plaintiff's Complaint. All this information appears to be relevant, proportional to the needs of the case, and not protected by any asserted privilege. See Fed. R. Civ. P. 26. Furthermore, Defendants are not in default in their discovery obligations. Although Plaintiff appears to suggest in his March 30, 2020 letter to the Court that he has asked Defendants for documents, Defendants have made clear that they have never been served with a discovery request. (Vonacka Decl. ¶23.)

Defendants are also entitled to depose Plaintiff.[4] The only opposition Plaintiff arguably advances to an Order compelling his deposition is that the "counsel issue be resolved BEFORE any further actions in this case including the DEPOSITION they request." (CM/ECF No. 91) (emphasis in original). To the extent Plaintiff is referring to the appointment of *pro bono* counsel, the District Judge has twice denied Plaintiff's application, most recently on August 28, 2019. (CM/ECF No. 70.) Nothing about the nature of this case has changed since then, nor is there an application for the appointment of counsel currently pending. The discovery end date shall be extend to permit Plaintiff to serve his answers and be deposed.

V. **CONCLUSION**

For the reasons stated above, Defendants' motion (CM/ECF No. 87) and application are **granted**. An appropriate order follows.

                                                 s/Mark Falk
                                                 **MARK FALK**
**Dated: April 23, 2020**                     **United States Magistrate Judge**

---

[4] Under Federal Rule of Civil Procedure 30(a)(2)(B), a deposition of a deponents confined in prison may only be taken with leave of Court. Although not a prison, the STU requires a court order to conduct the deposition. (CM/ECF No. 88 at 1.)