UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSEPH ARUANNO,** | Civ. No. 2:14-1954 (WJM) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **STEVEN JOHNSON,** *et al.***,** | |
| **Defendants.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

    **THIS MATTER** comes before the Court upon the Report and Recommendation of Magistrate Judge Mark Falk, to which Plaintiff objects.  ECF No. 102 & 104.  Defendants Steven Johnson and Gary Lanigan filed a motion to dismiss for failure to comply with a discovery order.  ECF No. 96.  Plaintiff filed an opposition.  ECF No. 98.  Judge Falk issued a Report and Recommendation, which, for the reasons set forth below, the Court **ADOPTS** in full.

    **I.**    **BACKGROUND**

    Plaintiff Aruanno is a civilly committed detainee under New Jersey's Sexually Violent Predator Act, N.J. Stat. Ann. § 30:4-27.24 and is housed at the Special Treatment Unit ("STU").  Compl. 3-4, ECF No. 1; Am. Compl. 1, ECF 4.  Plaintiff filed a complaint against Steven Johnson, Superintendent of the STU and Gary Lanigan, Commissioner of the New Jersey Department of Corrections, alleging that Defendants failed to protect him from an assault by another STU resident.  Compl. 4-6.  Plaintiff seeks damages and injunctive relief.  *Id.* 7.

    Plaintiff's failure to comply with his discovery obligations are described more fully in Judge Falk's Report and Recommendation.  ECF No. 102, 2-6.  To summarize:

(1) Plaintiff failed to respond to Defendants' December 11, 2018 requests for production of documents and first set of interrogatories;
(2) Plaintiff responded on March 21, 2019 with incomplete responses, including a refusal to reveal the identity of the resident who allegedly assaulted him;
(3) Plaintiff failed to respond Defendants' June 11, 2019 requests, which were renewed on July 15, 2019;
(4) On August 25, 2019, following a Court Order, Plaintiff responded to

        Defendants' renewed requests with virtually identical responses to his first set of answers;

(5) On April 23, 2020, the Court granted Defendants' motion to compel, and specifically ordered that Plaintiff reveal the full name of the STU resident who allegedly assaulted him;

(6) Plaintiff has not provided any new or supplemental responses to their discovery requests despite the Court's April 23, 2020 Order and Defendants' attempts on May 7, May 12, and May 29, 2020 to secure compliance.

Defendants thereafter filed their motion to dismiss for failure to comply with this Court's discovery orders. ECF No. 96. Plaintiff filed an objection to Defendant's motion to dismiss, ECF No. 97, and an opposition, ECF No. 98. Judge Falk issued his Report and Recommendation on November 2, 2020. ECF No. 102. Plaintiff filed his opposition to Judge Falk's Report and Recommendation on November 18, 2020. ECF No. 104. Plaintiff filed a motion for recusal on December 4, 2020.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to discovery and failure to comply with court orders. See Fed. R. Civ. P. 37(b)(2), 41(b). Dismissal may be an appropriate penalty in either instance. *Id.* The Court employs its sound discretion in determining what sanctions to impose. *See Bowers v. Nat'l Coll. Athletic Assoc.*, 475 F.3d 524, 538 (3d Cir. 2007) (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639 (1976) (per curiam)). In *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984) the Third Circuit identified six factors for courts to balance when deciding whether to impose the sanction of dismissal. The *Poulis* factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) the history of noncompliance; (4) whether the conduct of the party or the attorney was wilful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions, and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigaitti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Where a party makes adjudication of a matter impossible, *Poulis* balancing is unnecessary. *See, e.g.*, *Seberell ex rel. Seberell v. Philadelphia Police Dept.*, 159 Fed. Appx. 371, 373-74 (3d Cir. 2005) (party's conduct makes adjudication impossible).

## III. DISCUSSION

### A. Defendants' Motion to Dismiss

The Court finds that Judge Falk issued a thorough, comprehensive, and well-reasoned Report and Recommendation. Judge Falk found that Plaintiff, having filed more than 20 cases in this district, is not unfamiliar with federal court litigation, that he failed to provide responses to discovery requests despite Court Orders, and as a result, is personally

responsible. Judge Falk found that the Defendants were prejudiced by Plaintiff's non-compliance, Defendants having expended resources attempted to litigate this case since its inception over six years ago. Judge Falk concluded that this non-compliance was dilatory. Judge Falk concluded that while Plaintiff may not have proceeded in bad faith, his non-compliance was willful. Judge Falk concluded that no lesser sanction would be effective. The Court agrees with Judge Falk that "[i]t is impossible to proceed with the litigation without the production of [the identity of Plaintiff's alleged assailant], as well as other information Defendants seek which the Court has ordered Plaintiff produce." Plaintiff's objection does not address his non-compliance with this Court's discovery orders. ECF No. 104. The Court **ADOPTS** Judge Falk's Report and Recommendation in full.

### B.  Plaintiff's Motion for Recusal

Plaintiff renews his motion for recusal. A party may move for a judge's recusal under either 28 U.S.C. § 455 or 28 U.S.C. § 144. "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington*, 353 F.3d 211, 220 (3d Cir. 2003). Recusal motions pursuant to § 144 must include an affidavit stating material facts with particularity which, if true, would lead a reasonable person to conclude that the District Court harbored a special bias or prejudice toward the defendant. *United States v. Rashid*, 593 F. App'x 132, 134–35 (3d Cir. 2014). Because Plaintiff does not indicate which provision he is invoking, the Court will analyze his motion under both sections.

The motion fails under § 455 because the Court's impartiality has not been "reasonably questioned." *In re Kensington*, 353 F.3d at 220. In the main, Plaintiff argues that the Third Circuit's remand in case No. 16-4259 justifies recusal. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . Almost invariably, they are proper grounds for appeal, not for recusal." United States v. Wecht, 484 F.3d 194, 218 (3d Cir. 2007) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). In any case, due to the dearth of factual allegations in both the Complaint and Amended Complaint, the Court is satisfied that a reasonable person would not be concerned about the Court's impartiality in dismissing this action. Lastly, Plaintiff has failed to submit a certified or notarized affidavit pursuant to § 144. Because Plaintiff's allegations are inadequate under either § 455 or § 144, his motion to recuse is **DENIED**.

### IV.  CONCLUSION

For the reasons set forth above, the Report and Recommendation, ECF No. 102, are **ADOPTED** in full. Plaintiff's Motion for Recusal, ECF No. 105, is **DENIED**. An appropriate Order follows.

**Date: December 22, 2020**

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**